UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

CHARLES O. CLINTON
8860 Piney Branch Road, #1502
Silver Spring, MD 20903

    Plaintiff,

v.

RESTON LIMOUSINE & TRAVEL
SERVICE, INC.
22900 Shaw Road 112-2
Sterling, VA 20166.

Serve:
Registered Agent
CT Corporate System
1015 15th Street, N.W., #1000
Washington, D.C. 20005

    Defendant.

Civil Action No. _____

(Jury Demanded)

## COMPLAINT

### Parties

COMES NOW the Plaintiff, Charles O. Clinton, through his attorney, Nils G. Peterson, and for his Complaint against the Defendant, Reston Limousine & Travel Service, Inc. ("Reston"), alleges as follows:

1. Plaintiff Charles O. Clinton is a resident of the State of Maryland. Defendant employed Plaintiff in the District of Columbia.

2. Defendant Reston is a Virginia corporation registered to do business in the District of Columbia and has done business in the District of Columbia during all times material hereto.

### Jurisdiction

3. Jurisdiction of this action is conferred on this Court by §16(b) of the Fair Labor Standards Act, 29 U.S.C. §216(b), (the

"Act" or "FLSA") and pendent jurisdiction.

### COUNT I    FAILURE TO PAY PROPER OVERTIME

4. At all times hereinafter mentioned, Defendant was engaged in the provision of transportation services in the District of Columbia. The provision of such services directly affects interstate commerce. During the course of his employment Plaintiff affected interstate commerce by his actions in driving a shuttle bus exclusively in the District of Columbia and during his employment he consumed goods that traveled in interstate commerce such as gasoline.

5. From 1998 through 2005, Defendant employed Plaintiff as a driver.

6. Plaintiff's position was non-exempt under the FLSA.

7. Plaintiff was required to work hours over 40 per week. During his employment Plaintiff was not paid proper overtime for the work time spent over 40 hours.

8. On information and belief, Plaintiff worked weeks of over forty hours.

9. Defendant and executives employed by Defendant were aware that Plaintiff regularly performed such extra work and Defendant required this extra work as a condition of continued employment.

10. Defendant condoned and benefitted from the performance of such extra work time over 40 hours per week.

11. Plaintiff was not properly compensated by Defendant for all the hours over forty per week he worked during the period of his employment.

2

12. Upon information and belief, Defendant knew of its duty and obligation to pay proper overtime wages for all the hours worked in excess of 40 hours per work week, and Defendant knowingly failed and refused to follow the lawful requirements. Defendant's acts and omissions constitute wilful violations which entitle Plaintiff to liquidated damages for knowing violations.

13. During said time period, Plaintiff was not paid proper overtime for all hours worked in excess of 40 hours each work week, in wilful violation of §7 of the Act, 29 U.S.C. §207 and the District of Columbia Wage Act, D.C. Code 32-1001 et seq.

14. As a result of the foregoing wilful unlawful conduct on the part of Defendant, Plaintiff has suffered damages since he has not received proper overtime. Plaintiff further seeks liquidated damages equal to the wages due but not paid as a result of Defendant's wilful failure to pay overtime in violation of §7 of the Act, 29 U.S.C. §207 and D.C. Code 32-1001 et seq.

### COUNT II - RETALIATORY TERMINATION

15. Plaintiff restates and realleges paragraphs 1-14.

16. During the course of his employment, Plaintiff brought to the attention of Defendant the fact that he was working hours that he was not compensated for by filing a claim with the District of Columbia Department of Labor. After investigation, the Department of Labor required Defendant to pay overtime wages to plaintiff that were earned but not paid.

17. Plaintiff was told by several of his managers that company officials instructed them to terminate his employment for

filing a wage claim against Defendant but such managers refused to fire Plaintiff.

18. On information and belief, Plaintiff was terminated because he filed a claim for overtime in the past and such termination violates 29 U.S.C. 215 and D.C. Code 32-1001 et seq.

19. Plaintiff was terminated on June 6, 2005 in the District of Columbia.

20. Plaintiff has suffered damages because of the termination.

WHEREFORE, Plaintiff prays that this Honorable Court grant him judgment against the Defendants for the amount of unpaid overtime owed Plaintiff, and prejudgment interest thereon at the lawful rate, on the basis of Defendants' wilful violation of the Fair Labor Standards Act, 29 U.S.C. §§201 et seq. and D.C. Code 32-1001 et seq., and award Plaintiff (1) an equal amount in liquidated damages, (2) reasonable attorneys' fees and costs of suit, and (3) such other and further relief as this Court deems equitable and just. In addition, Plaintiff seeks damages sustained by Plaintiff because of his retaliatory termination for filing a claim of unpaid wages pursuant to the Fair Labor Standards Act and The District of Columbia Wage Act, D.C. Code 32-1001 et seq.

## COUNT III

### VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT

21. Plaintiff restates and realleges paragraphs 1 to 20.

22. Plaintiff brings this action under the provisions of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. and the District of Columbia Family and Medical Leave Act  DC Code 32-501 et seq ("FMLA").

## JURISDICTION

23. Jurisdiction of this action is conferred on this Court by The Family and Medical Leave Act 29 U.S.C. 2617 and the District of Columbia Family and Medical Leave Act, D.C. Code 32-510 et seq..

24. Defendant, at all times relevant, employed 50 or more employees and is an employer within the meaning of 29 U.S.C. §2611(4) and D.C. Code 32-501 et seq.

25. Plaintiff is an eligible employee within the meaning of 29 U.S.C. §2611(2) and D.C. Code 32-516; he was employed full time by Defendant for six years.

26. In the course of his employment by Defendant, Plaintiff's performance was satisfactory.

27. Plaintiff was injured on March 31, 2005 due to a work related accident where the shuttle bus he was driving was struck from behind by another vehicle. He informed his manager of this accident and called in for time off to consult with doctors because of his injuries.

28. Plaintiff sought leave for his injuries sustained in the accident. Defendant discouraged leave for medical reasons and sought to discipline Plaintiff for taking time off to visit doctors and care for his injuries.

29. On June 6, 2005 Plaintiff was informed in the District of Columbia that he was being terminated.

30. The injuries sustained by Plaintiff in the accident of March 2005 constitute a "serious health condition" under the FMLA.

31. Defendant fired Plaintiff causing a loss of income and benefits.

32. It is believed that Defendant claims Plaintiff's

5

termination was for tardiness and absences on his part including the time required to care for his injuries after the March 2005 accident.

33. Defendant sought to discipline and terminated Plaintiff for having taken medical leave and in order to interfere with Plaintiff's rights to medical leave under the FMLA.

34. Under the FMLA, Defendant was forbidden to interfere with Plaintiff's right to medical leave under the FMLA.

35. Plaintiff was terminated in violation of his rights under the FMLA.

36. The aforementioned acts of the Defendant are in violation of the Family and Medical Leave Act, 29 U.S.C. §2615 and the District of Columbia Family and Medical Leave Act.

37. Plaintiff alleges that Defendant unlawfully and discriminatorily terminated his employment and otherwise discriminated against him in violation of 29 U.S.C. §2615(a)(2) and the District of Columbia Family and Medical Leave Act because of his use of medical leave for serious medical conditions justifying an award, inter alia, of back pay, interest and any and all other damages that he is entitled to under law against Defendant.

38. Plaintiff alleges that Defendant unlawfully and discriminatorily denied Plaintiff's attempts to exercise his legal rights in violation of 29 U.S.C. §2615(a)(1) and the District of Columbia Family and Medical Leave Act because of his attempts to use medical leave, justifying an award, inter alia, of back pay, interest and any and all other damages that he is entitled to under law against Defendant.

WHEREFORE, Plaintiff prays that this Court exercise

jurisdiction over his claim and award: (1) Full legal relief under the FMLA, (2) damages to make the Plaintiff whole as before Defendant's actions, (3) prejudgment interest, (4) liquidated damages equal to the amounts awarded under (1), (2), and (3) as allowed by statute, (5) attorneys costs and fees as specifically provided in 29 U.S.C. §2617(a)(3) and (6) such additional relief, such as reinstatement and payment of improperly denied benefits, as may be necessary and proper.

## COUNT IV

### RACIAL DISCRIMINATION

39. Plaintiff realleges and restates paragraphs 1 to 38.

40. The Plaintiff brings this action under the provisions of the Civil Rights Act of 1871, 42 U.S.C. 1981, which, among other things, protects the right of employees to be free from race discrimination and retaliation, and to redress deprivation of rights secured by the Act.

41. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. 1331 and 1343(a)(3) and (4) and the Civil Rights Act of 1871 as amended, 42 U.S.C. 1981.

42. Plaintiff, an African-American male, was employed by Defendant as shuttle bus driver in the District of Columbia from 1999 to June 2005.

43. Plaintiff at all times adequately performed his duties.

44. During Plaintiff's employment in 2004 he was passed over for the position of manager, in favor of a white shuttle bus driver employed for less than a year who he had trained. On information and belief, Defendant also had a pattern of disciplining and

7

discharging African American employees in the District of Columbia who were performing their jobs satisfactorily because of their race. On information and belief Defendant did not treat similarly situated white employees in the same manner as African American employees.

45. The discipline and termination of Plaintiff constituted an adverse employment action which are discriminatory.

46. As a result of the acts of discrimination by Defendant, Plaintiff has suffered and continues to suffer a loss of income and loss of benefits.

15. As a result of the acts of discrimination by Defendant, Plaintiff has suffered harm to his reputation, mental anguish and humiliation.

16. Defendant's acts of discrimination were performed with malice and reckless indifference to Plaintiff's protected civil rights.

17. Defendant discriminated against Plaintiff because of his race in violation of the Civil Rights Act of 1871 as amended 42 U.S.C. 1871.

20. Defendant discriminated against Plaintiff in his treatment, conditions of employment including but not limited to promotion and termination because of his race.

Wherefore, Plaintiff respectfully prays that this Court:

(a) Order Defendant to reinstate and/or promote him to the position he would have held but for the discrimination and retaliation in violation of the Civil Rights Act of 1871;

(b) Award him under Civil Rights Act of 1871 all the pay and fringe benefits he has lost as a result of Defendant's unlawful

discrimination and retaliation against him;

(c) Award him compensatory and punitive damages for injuries suffered as a result of violation of federal law.

(d) Award him under the Civil Rights Act of 1871 reasonable attorney's fees and costs of this action.

(e) Award him such other and further relief as this Court deems just and proper.

**JURY**

Plaintiff requests a jury trial on all issues.

Charles O. Clinton
By Counsel

*Nils Peterson*
Nils G. Peterson
DC Bar No. 295261
2009 N. 14th Street, Suite 708
Arlington, VA  22201
(703) 527-9900