UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| CHARLES O. CLINTON,<br><br>Plaintiff,<br><br>v.<br><br>RESTON LIMOUSINE & TRAVEL SERVICE, INC.,<br><br>Defendant. | ) | Civil Action No.<br><br>05-01572 (CKK) |

**ANSWER TO COMPLAINT**

Now comes the Defendant, Reston Limousine & Travel Service, Inc., by its undersigned attorneys, and answers the Complaint herein, responding in accordance with the numbered paragraphing and divisions of the Complaint:

**Parties**

1. Defendant admits the allegations made in paragraph 1 of the Complaint.

2. Defendant admits the allegations made in paragraph 2 of the Complaint.

**Jurisdiction**

3. Defendant denies the allegations made in paragraph 3 of the Complaint.

**Count I**

**("Failure to Pay Proper Overtime")**

4. Defendant admits that at all times mentioned in the Complaint, Defendant was engaged in the provision of transportation services in the District of Columbia. Defendant denies the allegation that the "provision of such services directly affects interstate commerce", since the allegation appears to be a legal conclusion which requires no response, and since the Complaint provides no definition of the terms used. To the extent that a response is deemed required, Defendant denies the allegation. For the same reasons, Defendant denies the allegation that "Plaintiff affected interstate commerce by his action in driving a shuttle bus…." Defendant is without knowledge that "he [Plaintiff] consumed goods that traveled in interstate commerce such as gasoline" and accordingly denies the allegation.

5. Defendant admits that it employed Plaintiff from on or about September 10, 1998 to on or about June 6, 2005.

6. Defendant denies the allegations made in paragraph 6 of the Complaint. The Complaint provides no definition of "non-exempt under the FLSA." To the extent that Plaintiff's allegation is intended to support Count I of the Complaint, claiming a right to overtime pay or related rights under the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. (herein "FLSA"), Plaintiff was in fact "exempt" with respect to the maximum hours and overtime provisions of the FLSA in that he was during his employment with Defendant an employee for whom the U.S. Secretary of Transportation had the power to

establish qualifications and maximum hours of service under the federal Motor Carrier Act.

7. Defendant denies the allegations made in paragraph 7 of the Complaint.

8. Defendant denies the allegations made in paragraph 8 of the Complaint.

9. Defendant denies the allegations made in paragraph 9 of the Complaint.

10. Defendant denies the allegations made in paragraph 10 of the Complaint.

11. Defendant denies the allegations made in paragraph 11 of the Complaint.

12. Defendant admits that it knew of its duties and obligations to pay overtime wages for hours worked over 40 hours per workweek, and further states that Defendant paid Plaintiff for all hours worked. Defendant denies that it "knowingly failed or refused to follow the lawful requirements." Defendant denies the remaining allegations made in paragraph 12 of the Complaint.

13. Defendant denies the allegations made in paragraph 13 of the Complaint.

14. Defendant denies the allegations made in paragraph 14 of the Complaint.

**Count II**

**("Retaliatory Termination")**

15. Defendant restates and incorporates by reference its responses to paragraphs 1-14 of the Complaint.

16. Defendant denies the allegations made in paragraph 16 of the Complaint.

17. Defendant denies the allegations made in paragraph 17 of the Complaint.

18. Defendant denies the allegations made in paragraph 18 of the Complaint.

19. Defendant admits the allegations made in paragraph 19 of the Complaint.

20. Defendant denies the allegations made in paragraph 20 of the Complaint.

**Count III**

**("Violation of the Family and Medical Leave Act")**

21. Defendant restates and incorporates by reference its responses to paragraphs 1-20 of the Complaint.

22. Defendant acknowledges that Plaintiff purports in Count III to bring claims under the statutes invoked in paragraph 22 of the Complaint.

23. Defendant admits that 29 U.S.C. § 2617 confers subject matter jurisdiction to enforce the federal Family and Medical Leave Act. Defendant admits that D.C. Code § 32-510 permits a civil action to be brought in a court of competent jurisdiction, but does not provide an independent basis for jurisdiction in a United States District Court.

24. Defendant admits the allegations made in paragraph 24 of the Complaint.

25. Defendant denies that Plaintiff is an "eligible employee", since his employment with Defendant has been terminated. Defendant admits that at the time of his discharge from employment, Plaintiff was an eligible employee within the meaning of 29 U.S.C. § 2611(2). Defendant denies that Plaintiff is or was an "eligible employee within the meaning of … D.C. Code 32-516", since Section 32-516 does not contain the term "eligible employee."

26. Defendant denies the allegation made in paragraph 26 of the Complaint as stated. At times during the course of his employment, Plaintiff maintained satisfactory performance, but his performance did not remain satisfactory and was not satisfactory at the time of his discharge from employment.

27. Defendant denies the allegations made in paragraph 27 of the Complaint.

28. Defendant denies the allegations made in paragraph 28 of the Complaint.

29. Defendant admits the allegations made in paragraph 29 of the Complaint.

30. Defendant denies the allegations made in paragraph 30 of the Complaint.

31. Defendant admits that it discharged Plaintiff from employment. Defendant is without specific knowledge of what, if any, loss of income or benefits resulted from the discharge. Defendant further states that it was Plaintiff, not Defendant, who engaged in conduct causing Plaintiff's discharge and any resulting losses.

32. Defendant is without knowledge sufficient to determine what "is believed" by Plaintiff or by unspecified persons. Defendant further states that Plaintiff's discharge resulted from lateness and absences of Plaintiff. Defendant denies that such occurrences were caused or required by "injuries after the March 2005 accident."

33. Defendant denies the allegations made in paragraph 33 of the Complaint.

34. Defendant admits that the federal and District of Columbia statutes invoked by the Plaintiff in Count III of the Complaint contain prohibitions of employer interference with the exercise of certain rights. Defendant is not able to determine which statute Plaintiff refers to as "FMLA" since Plaintiff has not defined that designation.

Defendant further states that it did not interfere with any "right to medical leave" of Plaintiff under any statute.

35. Defendant denies the allegations made in paragraph 35 of the Complaint.

36. Defendant denies the allegations made in paragraph 36 of the Complaint.

37. Defendant denies the allegations made in paragraph 37 of the Complaint.

38. Defendant denies the allegations made in paragraph 38 of the Complaint.

**Count IV**

**("Racial Discrimination")**

39. Defendant restates and incorporates by reference its responses to paragraphs 1-38 of the Complaint.

40. Defendant acknowledges that Plaintiff invokes 42 U.S.C. § 1981 in Count IV of the Complaint. The remainder of paragraph 40 is a characterization of Section 1981 which requires no response.

41. Defendant acknowledges that Plaintiff invokes the statutes cited in paragraph 41 of the Complaint.

42. Defendant admits the allegations made in paragraph 42 of the Complaint, except to note that Plaintiff was so employed beginning in 1998, not 1999.

43. Defendant denies the allegations made in paragraph 43 of the Complaint.

44. Defendant denies the allegations made in paragraph 44 of the Complaint.

45. Defendant denies the allegations made in paragraph 45 of the Complaint.

46. Defendant denies the allegations made in paragraph 46 of the Complaint.

47. [Complaint paragraph was misnumbered as "15"]. Defendant denies the allegations made in paragraph "15" [on page 8] of the Complaint.

48. [Complaint paragraph was misnumbered as "16"]. Defendant denies the allegations made in paragraph "16" [on page 8] of the Complaint.

49. [Complaint paragraph was misnumbered as "17"]. Defendant denies the allegations made in paragraph "17" [on page 8] of the Complaint.

50. [Complaint paragraph was misnumbered as "20"]. Defendant denies the allegations made in paragraph "20" [on page 8] of the Complaint.

By way of affirmative defense, Defendant asserts the following:

**FIRST AFFIRMATIVE DEFENSE**

The Complaint fails to state claims upon which relief may be granted.

**SECOND AFFIRMATIVE DEFENSE**

The purported claims of Plaintiff are barred in whole or in part by the doctrine of accord and satisfaction, or release.

**THIRD AFFIRMATIVE DEFENSE**

The purported claims of Plaintiff are barred in whole or in part by the applicable statutory limitations of the time permitted for commencement of a civil action.

**FOURTH AFFIRMATIVE DEFENSE**

To the extent that Plaintiff claims a right to overtime pay under the FLSA, or related rights, Plaintiff was, by virtue of 29 U.S.C. § 213(e), not an employee entitled to

the protection claimed since the maximum hours and overtimes provisions of the FLSA, 29 U.S.C. § 207, did not apply to Plaintiff during his employment with Defendant.

**FIFTH AFFIRMATIVE DEFENSE**

As to Plaintiff's allegations of violations of the Fair Labor Standards Act, 29 U.S.C. § 201 et seq. and the D.C. Minimum Wage Act, D.C. Code § 32-1001 et seq., Plaintiff is not entitled to liquidated damages, and no liquidated damages should be awarded to Plaintiff, since any act or omission of Defendant, if unlawful, was taken in good faith and under circumstances where Defendant had reasonable grounds for believing that such act or omission was not a violation of the statute.

**SIXTH AFFIRMATIVE DEFENSE**

As to Plaintiff's allegations of violations of the Family and Medical Leave Act, 29 U.S.C. § 2601 et seq. and the D.C. Family and Medical Leave Act, D.C. Code § 32-501 et seq., Plaintiff is not entitled to liquidated damages, and no liquidated damages should be awarded to Plaintiff, since any act or omission of Defendant, if unlawful, was taken in good faith and under circumstances where Defendant had reasonable grounds for believing that such act or omission was not a violation of the statute.

**SEVENTH AFFIRMATIVE DEFENSE**

Plaintiff has failed to mitigate the damages alleged in the action.

**EIGHTH AFFIRMATIVE DEFENSE**

Plaintiff was discharged from his employment for cause, and not for any unlawful reason.

WHEREFORE, Defendant requests that judgment be entered in favor of Defendant and against Plaintiff, and that Defendant be awarded its costs and attorney fees herein.

Respectfully submitted,

/s/ Lawrence E. Dubé, Jr.

Lawrence E. Dubé, Jr.
D.C. Bar No. 367966
Grove, Jaskiewicz and Cobert
Suite 407
The Can Company
2400 Boston St.
Baltimore, MD 21224
(410) 522-3200

Edward J. Kiley
D.C. Bar No. 183988
Grove, Jaskiewicz and Cobert
1730 M Street, N.W.
Suite 400
Washington, D.C. 20036
(202) 296-2900
***Attorneys for the Defendant,***
***Reston Limousine & Travel Service, Inc.***

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing paper has been served this date, by means of the Court's electronic case filing system, and by first-class mail, postage prepaid, upon the following:

Nils G. Peterson
2009 N. 14th Street
Suite 708
Arlington, VA 22201

/s/ Lawrence E. Dubé, Jr.
__________________________________

Dated: August 26, 2005